## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Hon. Stacey D. Adams |
| | : | |
| STEPHON BRUYNING | : | Mag. No. 26-15009 |
| | : | |
| | : | |

I, Jamie Guerci, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

*Jamie Guerci*

_____
Jamie Guerci, Special Agent
Federal Bureau of Investigation

Special Agent Jamie Guerci attested to this Complaint by telephone pursuant to F.R.C.P. 4.1(b)(2)(A) on this 27th day of January, 2026.

*Stacey D. Adams*

_____
Honorable Stacey D. Adams
United States Magistrate Judge

## **ATTACHMENT A**

### **COUNT ONE**
(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about October 4, 2025, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**STEPHON BRUYNING,**

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm and ammunition, namely one (1) 9mm Taurus model G2C semi-automatic handgun bearing serial number AEC206706, loaded with eleven (11) rounds of ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT TWO**
(Possession with Intent to Distribute Fentanyl and Cocaine)

On or about October 4, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**STEPHON BRUYNING,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about October 4, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**STEPHON BRUYNING,**

in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances as charged in Count Two of this Complaint, did knowingly possess one (1) 9mm Taurus model G2C semi-automatic handgun bearing serial number AEC206706, loaded with eleven (11) rounds of ammunition.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## ATTACHMENT B

I, Jamie Guerci, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  On or about October 4, 2025 in Irvington, New Jersey police were monitoring an area of Chancellor Avenue near Kuna Terrace which had been the scene of a recent shooting and drug activity. A camera from that area was being observed by Irvington police. An officer observed Stephon Bruyning make several hand-to-hand transactions consistent with drug trafficking with passersby. Bruyning would speak to the individuals who approached him, then enter the rear seat of a vehicle nearby. Bruyning would then re-approach the individual and exchange an object with the individual and then put other items in his pocket consistent with drug distribution. At other times Bruyning would go to the vehicle's rear seat then follow the individual who had approached him into a store near the area of Chancellor and Kuna Terrace. That store is known to be an establishment where narcotics transactions regularly take place.

2.  Other officers in the vicinity of Bruyning were alerted to this drug activity and Bruyning's identity (Bruyning was known to Irvington police from prior encounters). The field officers discovered from a computer check of Bruyning that Bruyning was wanted on an unrelated outstanding warrant. As those officers began to drive towards the area where Bruyning was observed, Bruyning entered a white Nissan vehicle and drove off. The officers also discovered Bruyning was driving with a suspended license.

3.  The responding officers observed Bruyning in the Nissan and attempted to pull him over by activating their vehicle's lights. After Bruyning stopped his vehicle, officers ordered him to turn off the Nissan's engine, which Bruyning ignored. As officers approached the Nissan on foot, Bruyning sped away and police began to pursue in their police vehicle. A short distance away, Bruyning's vehicle crashed into the side of a residential home and Bruyning ran from the Nissan. Officers stopped him a short distance away but not before they observed Bruyning throw a handgun into the rear yard of a nearby house. Upon apprehension, police recovered approximately 105 glassine envelopes of suspected heroin/fentanyl, approximately 28 jugs of suspected cocaine, approximately 47 suspected oxycodone pills and approximately 17 grams of raw cocaine inside plastic bags, among other controlled substances. Some of these controlled substances were on Bruyning's person upon arrest and others were

inside the crashed vehicle along with drug paraphernalia.

4.      Other officers searched the yard of the house where they saw Bruyning throw the firearm. In the rear portion of the yard officers recovered a 9mm Taurus model G2C semi-automatic handgun bearing serial number AEC206706, loaded with eleven (11) rounds of ammunition (the "Firearm and Ammunition").

5.      The Firearm and Ammunition recovered were manufactured outside of the State of New Jersey and thus traveled in interstate commerce prior to Bruyning's possession of the Firearm and Ammunition in New Jersey on or about October 4, 2025.

6.      On or about February 3, 2023 Bruyning was convicted in Essex County Superior Court in New Jersey, of unlawful possession of a handgun, in violation of Title 2C, New Jersey Code of Criminal Justice, Section 2C:39-5B, which is a crime punishable by imprisonment for more than one year. Bruyning was sentenced to 42 months' imprisonment for that offense. Given the imposition of a 42-month term of imprisonment, Bruyning therefore knew on or about October 4, 2025 that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.